IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CHRISTIAN ROMAN-VELEZ
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 15-1416CCC
(Related Crim. 11-0106-01CCC)

## OPINION AND ORDER

Before the Court are Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (**D.E. 1**), the Government's Response (D.E. 4), Petitioner's Reply to the Government's Response (D.E. 5), as well as Petitioner's Supplemental Motion (**D.E. 6**). For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

I.   **BACKGROUND**

On March 23, 2011, Petitioner Christian Román-Vélez (hereinafter "Román-Vélez" or Petitioner") was charged in a thirty-eight-count Indictment (D.E. 3 in criminal case 11-106(CCC)).

Román-Vélez was charged as the main defendant in the following counts: One, Two, Three, Four, Twenty-Three, Twenty-Four, Twenty-Five, Twenty-Eight, Thirty, Thirty-One, Thirty-Two, Thirty-Five, Thirty-Eight, as well as a forfeiture allegation (D.E. 3 in criminal case 11-106 (CCC)).

Count One charged violations to Title 18, United States Code, §§ 371 and 500, Conspiracy to Commit Money Order Fraud. Count Two charged violations to Title 42, United States Code, § 408(a)(7)(C), Social Security Fraud. Count Three charged violations to Title 18, United States Code,

CIVIL 15-1416CCC                             2
(Related Crim. 11-0106-01CCC)

§ 1028(A), Aggravated Identity Theft. Count Four charged violations to Title 18, United States Code, § 1028(a)(1), Identity Theft. Counts Twenty-Three through Twenty-Five, Twenty-Eight, Thirty, Thirty-One, Thirty-Two. Thirty-Five and Thirty-Eight charged individual separate violations to Title 18, United States Code, §§ 500 and 2, Money Order Fraud (D.E. 3 in criminal case 11-106(CCC)).

On November 29, 2011, Petitioner, through his counsel, filed a Motion for Change of Plea (D.E. 176 in criminal case 11-106(CCC)).

On January 12, 2012, Román-Vélez' Plea Agreement with the Government was filed (D.E. 205 in criminal case 11-106(CCC)). Pursuant to the terms of the Plea Agreement, Petitioner agreed to plead guilty to Count Five of the Indictment, and the remaining counts would be dismissed at sentencing[1] (D.E. 205 in criminal case 11-106(CCC)).

On January 12, 2012, Román-Vélez' Change of Plea Hearing was held, where he plead guilty to count Five (5) of the Indictment (D.E. 207 in criminal case 11-106(CCC)).

On April 11, 2012, Román-Vélez' Sentencing hearing was held. Petitioner was sentenced to a term of imprisonment of two (2) years, a term of Supervised Release of one (1) year and a Special Monetary Assessment of one hundred (100) dollars (D.E. 252 in criminal case 11-106(CCC)).

---

[1] Count Five charged: On or about August 17, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, [1] Christian Román-Vélez, a defendant herein, did knowingly possess, without lawful authority, a means of identification of another person, to wit the name and date of birth of "P.V.," during and in relation to the commission of the crime of Identity Theft (Title 18, United States Code, 1028(a)(1)). All in violation of Title 18, United States Code, § 1028A and Title 18, United States Code, § 1028(a)(1), (D.E. 205 at page 1 in criminal case 11-106 (CCC)).

CIVIL 15-1416CCC                                    3
(Related Crim. 11-0106-01CCC)

Petitioner's Judgment of conviction was entered on April 24, 2012 (D.E. 259 in criminal case 11-106(CCC)), and he did not appeal his conviction and sentence.  Therefore, pursuant to González v. Thaler, 132 S.Ct. 641 (2012), Petitioner's sentence became final on May 8, 2012; that is, fourteen (14) days after the term for him to file a timely notice of appeal expired.  See Trapp v. Spencer, 479 F.3d 53 (1st Cir. 2007).  After May 8, 2012, Petitioner had one (1) year, or until May 8, 2013, to timely file his Section 2255 Petition.

Román-Vélez signed and dated his present § 2255 Petition on February 3, 2015,[2] as such the same is untimely.

## II.  DISCUSSION

### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), went into effect on April 24, 1996.  AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief.  Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date.  Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

If a defendant does not file a notice of appeal with the Circuit Court, the judgment of conviction is final when the time for filing a notice of appeal expires.  Derman v. United States, 298 F.3d 34 (1st Cir. 2002).  Pursuant to the Federal Rules of Appellate Procedure, Rule 4(b)(1)(A)(I), a notice of

---

[2] Petitioner certified that on February 3, 2015, he sent a copy of his § 2255 motion to the AUSA of record by inmate mail (D.E. 1 at page 4).  The Court will use the date which is most beneficial to Petitioner, which is February 3, 2015.

CIVIL 15-1416CCC                              4
(Related Crim. 11-0106-01CCC)

appeal in a criminal case must be filed within fourteen (14) days of entry of the judgment being appealed.

In the case at hand, taking the date Petitioner's sentence became final which was when the fourteen (14) days to file a notice of appeal expired, that is May 8, 2012, Petitioner then had until May 8, 2013 to timely file his § 2255 Petition.

However, Román-Vélez did not sign his petition until February 3, 2015, which is in excess of one (1) year and eight (8) months <u>after</u> the one year statute of limitations had expired. Hence, the same is time barred.

Having established that Román-Vélez' § 2255 Petition is untimely, the same can not be entertained by the Court. As such, Román-Vélez' request for relief pursuant to Section 2255 is DISMISSED.

## III.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner Christian Román-Vélez is not entitled to relief on the claim presented due to the fact that the same is time barred. Accordingly, it is ordered that his Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (**D.E. 1 and D.E. 6**) be DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

## IV.  CERTIFICATE OF APPEALABILITY

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further ordered that no certificate of appealability be issued in the event that Petitioner files a notice

CIVIL 15-1416CCC                              5
(Related Crim. 11-0106-01CCC)

of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

    SO ORDERED.

    At San Juan, Puerto Rico, on January 19th, 2016.

                                                CARMEN CONSUELO CEREZO
                                                United States District Judge